UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

**ALLSTATE INSURANCE COMPANY, an Illinois corporation; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, AN Illinois corporation; ALLSTATE INDEMNITY COMPANY; an Illinois corporation; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois corporation,**

      **Plaintiffs,**

      **v.**

**AUTO GLASS AMERICA, LLC, a Florida limited liability company, and CHARLES ISALY, a citizen of Arizona,**

      **Defendant,**

_____,

**Civil Action No.
6:18-cv-2184-ORL-41-LR1**

## NON-PARTY OBJECTION TO
## PLAINTIFF'S SUBPOENA DUCES TECUM WITHOUT DEPOSITION
## AND MOTION FOR PROTECTIVE ORDER

Auto Glass Inspection Services, Inc., in accordance with Fed. R. Civ. P. 26(b)(3), Fed. R. Civ. P. 26(c), Fed. R. Civ. P. 26(g), Fed. R. Evid. 502, and §90.502, Fla. Stat., hereby objects to Plaintiff's non-party Subpoena Deposition Duces Tecum served on Auto Glass Inspection Services on May 5, 2020, mere days before the date noticed in Plaintiff's subpoena duces tecum of May 7, 2020. Auto Glass Inspection Services, Inc. objects to Plaintiff's subpoena duces tecum without deposition and seeks a protective order pursuant to Fed. R. Civ. P. 26(c), and states:

    1.    The investigative reports that Plaintiff seeks to discover are work product. *Gavin's Ace Hardware, Inc. v. Federated Mut. Ins. Co.,* 2011 WL 5104476, 23 Fla. L. Weekly Fed. D 75, 2001 U.S. Dist. LEXIS 124625 *8 (M.D. Fla.)("Both Florida state and federal

1

courts have held that under Florida law, discovery into an insurer's claims handling practices, policies, and protocols is impermissible in a breach of contract claim."), *citing Nationwide Ins. Co. of Fla. v. Demmo,* 57 So. 3d 982 (Fla. 2d DCA 2011); *see also Federal Express Corp. v. Cantway,* 778 So. 2d 1052 (Fla. 4th DCA 2001).

        2.      Documents, reports, and videotapes generated by investigators hired to investigate an accident are protected from discovery by work product. *Gavin's Ace Hardware, Inc.,* 2001 U.S. Dist. LEXIS 124625 * 8; *see also Travelers Indem. Co. v. Attorney's Title Ins. Fund, Inc.,* 2015 U.S. Dist. LEXIS 151666 * 10-11, 2015 WL 6869365 (M.D. Fla.)("… claims files are not discoverable when a breach of contract claim is at issue…"); *see also Huet v. Tromp,* 912 So. 2d 336 (Fla. 5th DCA 2005).

        3.      Work-up and evaluation files prepared by an insurance company's claims file personnel are privileged work product. *Salzbach v. Hartford Ins. Co.,* 2013 U.S. Dist. LEXIS 192766, *10-11 (M.D. Fla.) citing D'Aprile v. UNUM Life Ins. Co. of America*, 2010 U.S. Dist. LEXIS 95716, 2010 WL 3340197 *2 (M.D. Fla.)(holding "claims files are not discoverable when a breach of contract claim is at issue and before the Plaintiff either brings a bad faith claim or prior to the bad faith claim being ripe."); *Kennedy v. Provident Life and Acc. Ins. Co.*, 2009 U.S. Dist. LEXIS 93387, 2009 WL 3048683 *2 (S.D. Fla. Sept. 18, 2009)("documents ... regarding the insurer's claims handling or general business practices are irrelevant to the issue of whether the insured is entitled to the coverage claimed."); *State Farm Fire and Cas. Co. v. Valido*, 662 So. 2d 1012, 1013 (Fla. 3d DCA 1995)(finding claim files irrelevant on a dispute over coverage of an **insurance** policy); *see also General Accident Fire & Life Assurance Corp. v Golding*, 436 So. 2d 1108 (Fla. 4th DCA 1983)

4. Claims file work product privilege extends to independent investigators hired by an insurer in assist in evaluating a claim. *American Reliance Ins. Co. v Rosemont Condominium Home Owners Ass'n Inc.,* 671 So. 2d 250 (Fla. 3d DCA 1996).

5. Further, Auto Glass Inspection Services, Inc.'s information is considered trade secret or proprietary in nature.

6. Pursuant to Fed. R. Civ. P. 26(c)(1)(G), "[t[he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . requiring that a trade secret or other confidential research, development or commercial information not be revealed or be revealed only in a specified way." *US Connect, LLC v. Capital Solutions Bancorp LLC,* 2014 U.S. Dist. LEXIS 195846 *5 (M.D. Fla.).

7. Pursuant to Fed. R. Evid. 501, in a civil case, "state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Id.*

8. Therefore, the Court will look to Florida law relating to the privilege of a trade secret. *Id.*

9. Florida law provides protection for trade secrets in §90.506, Fla. Stat., which states:

> A person has a privilege to refuse to disclose, and to prevent other persons from disclosing, a trade secret owned by that person if the allowance of the privilege will not conceal fraud or otherwise work injustice. When the court directs disclosure, it shall take the protective measures that the interests of the holder of the privilege, the interests of the parties, and the furtherance of justice require. The privilege may be claimed by the person or the person's agent or employee.

*Id.* *5, *citing* §90.506, Fla. Stat.

10. Pursuant to §90.502, Fla. Stat., the owner of a trade secret has the privilege of refusing to disclose the secret and to prevent other persons from disclosing it, provided that nondisclosure will not conceal fraud or otherwise work injustice.

11. §688.002, Fla. Stat., part of Florida's Uniform Trade Secrets Act, also defines "trade secret" as:

> 688.002 Definitions. -
>
> "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process that:
>
> (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and
>
> (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

§688.02, Fla. Stat.

12. When a party asserts a trade secret privilege as a basis for withholding a document in discovery, the court must determine whether the information withheld constitutes a trade secret. *US Connect, LLC,* 2014 U.S. Dist. LEXIS 195846 *6, *citing Del Monte Fresh Produce Co. v. Dole Food Co.*, 148 F. Supp. 2d 1322, 1324 (S.D. Fla. 2001).

13. If the information constitutes a trade secret, then the party seeking the information must show a reasonable necessity for the requested materials. *US Connect, LLC,* 2014 U.S. Dist. LEXIS 195846 *6, *citing Del Monte Fresh Produce Co.,* 148 F. Supp. 2d at 1324.

14. In this case, Auto Glass Inspection Services, Inc. derives an economic value from its information and from its information and its process not being generally known or readily accessible.

WHEREFORE, Auto Glass Inspection Services, Inc., respectfully requests that this Honorable Court grant quash Plaintiff's subpoena duces tecum without deposition, grant Auto Glass Inspection Services, Inc.'s Motion for Protective Order, and grant such other relief as this Court deems just and necessary.

AUTO GLASS INSPECTION SERVICES, INC.'S COUNSEL HEREBY CERTIFIES THAT Autoglass Inspection Services, Inc.'s counsel has, in good faith, conferred with Plaintiffs' counsel in an effort to resolve the dispute without court action.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been sent to Kevin Richardson Esquire, Stillo & Richardson, P.A., via e-portal service to all designated eservice email addresses including to eservices@emiliostillopa.com; stillorichardsonpa@yahoo.com, on this the 14th day of May.

>　　　　　　　　　　DUTTON LAW GROUP, P.A.
>　　　　　　　　　　P.O. Box 260697
>　　　　　　　　　　Tampa, Florida 33685
>　　　　　　　　　　Telephone: (813) 247-2222
>　　　　　　　　　　Service.rot@duttonlawgroup.com
>　　　　　　　　　　Attorneys for Auto Glass Inspection Services, Inc.
>
>　　　　　　　　　　*Rebecca O'Dell Townsend*
>　　　　　　　　　　REBECCA O'DELL TOWNSEND, ESQUIRE
>　　　　　　　　　　Florida Bar Number. 235090