# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALLSTATE INSURANCE COMPANY,**
**ALLSTATE FIRE AND CASUALTY**
**INSURANCE COMPANY, ALLSTATE**
**INDEMNITY COMPANY and**
**ALLSTATE PROPERTY AND**
**CASUALTY INSURANCE COMPANY,**

      **Plaintiffs,**

v.                                          **Case No:   6:18-cv-2184-Orl-41LRH**

**AUTO GLASS AMERICA, LLC and**
**CHARLES ISALY,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **NON-PARTY OBJECTION TO PLAINTIFF'S SUBPOENA DUCES TECUM WITHOUT DEPOSITION AND MOTION FOR PROTECTIVE ORDER (Doc. 126)**
>
> **FILED:** May 14, 2020
>
> **THEREON** it is **ORDERED** that the motion is **DENIED WITHOUT PREJUDICE**.

The present motion was filed by Auto Glass Inspection Services, Inc. ("AGIS"), which is not a party to this action. (Doc. 126 ("Motion")). AGIS is an independent company that is allegedly used by the Plaintiffs/Counter-Defendants to inspect and verify damage to its insureds' windshields. (Doc. 59 at ¶¶ 42, 44-45).

- 2 -

AGIS was served with a subpoena duces tecum on May 5, 2020 demanding production (apparently of something, however the motion does not specify other than a vague reference to "investigative reports") by May 7, 2020. (Doc. 126 at 1).[1] More than a week after the deadline to respond to the subpoena passed, AGIS filed a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). (*Id*.). AGIS argues that the (unidentified) information sought in the subpoena is protected by the work-product doctrine and Florida's trade secret privilege. (*Id*. at 1-4). AGIS states that it conferred with the Plaintiff's counsel about the Motion, but it does not state the Plaintiff's position, nor does it identify which Plaintiff, or Plaintiffs, AGIS counsel conferred with. The Court does not require the benefit of a response to rule on this mysterious Motion.

The Motion is due to be denied for three reasons. First, the Motion does not comply with Local Rule 3.01(g) because it is silent as to whether the opposing counsel (whoever that may be) opposes the Motion. Second, AGIS has not filed the subpoena on the docket. Without a copy of the subpoena, the Court cannot determine whether these unidentified requests for production are reasonable or seek information that is, in fact, privileged.

Third, AGIS has not filed any evidence, such as an affidavit or declaration, to support its contention that the information sought is privileged and should be protected. A person moving for a protective order must show "good cause" exists for the court to issue such an order. Fed. R. Civ. P. 26(c)(1). A showing of good cause "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *U.S. v. Garrett*, 571 F.2d 1323,

---

[1] AGIS states that "Plaintiff" served the subpoena. (Doc. 126 at 1). It is not clear to which party AGIS is referring. Given the working relationship between the Allstate Plaintiffs and AGIS, the Court doubts that the Allstate Plaintiffs served the subpoena. Instead, it seems more likely that Defendant/Counter-Plaintiff Auto Glass America, LLC served the subpoena. Since AGIS did not attach the subpoena to the Motion – which is one of the reasons the Motion is being denied – the Court cannot verify what party served the subpoena.

1326 n.3 (5th Cir. 1978). Similarly, a party objecting to discovery on the basis of a privilege bears the burden of demonstrating the privilege applies. *Tyne v. Time Warner Entm't Co., L.P.*, 212 F.R.D. 596, 599 (M.D. Fla. 2002) (citing *In re Grand Jury Investigation (Schroeder)*, 842 F.2d 1223, 1225 (11th Cir. 1987)). Accordingly, unsupported factual assertions in a motion, such as AGIS's assertion that the information sought constitutes trade secrets (Doc. 126 at ¶ 14), are insufficient to show good cause for a protective order or establish that a privilege applies.

In light of the foregoing, the Motion will be denied. If AGIS files a renewed motion it must comply with Local Rule 3.01(g), file a copy of the subpoena, and file evidence supporting its assertion of privilege and any factual assertions in the motion. *See Harleysville–Atlantic Ins. Co. v. CB Contractors, LLC*, Case No: 6:17-cv-258-Orl-28GJK, 2017 WL 8948387, at *2 (M.D. Fla. June 29, 2017) (requiring renewed motion for protective order must be supported by affidavits or other admissible evidence). Also, if AGIS files a renewed motion it must address the following: 1) why the motion should not be denied as moot since the deadline to comply with the subpoena passed; and 2) why case law involving first and third-party insurance claims – which is cited throughout the Motion – is relevant to this case, which involves claims for tortious interference, declaratory judgment, unjust enrichment, and violations of Florida's Deceptive and Unfair Trade Practices Act.

Accordingly, it is **ORDERED** that:

1. The Motion (Doc. 126) is **DENIED WITHOUT PREJUDICE**.
2. If AGIS files a renewed motion, it must address all the issues identified in this Order. The failure to do so will result in the summary denial of the renewed motion.

**DONE** and **ORDERED** in Orlando, Florida on May 15, 2020.

*[Signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties