# EXHIBIT "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALLSTATE INSURANCE COMPANY,
an Illinois corporation; ALLSTATE FIRE
AND CASUALTY INSURANCE COMPANY,
an Illinois corporation; ALLSTATE INDEMNITY
COMPANY, an Illinois corporation; and
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, an Illinois
corporation,

    Plaintiffs,

v.	Case No. 6:18-cv-2184-ORL-41-LRH

AUTO GLASS AMERICA, LLC,
a Florida limited liability company, and
CHARLES ISALY, a citizen of Arizona,

    Defendants.

_____/

## CONFIDENTIALITY AGREEMENT REGARDING DOCUMENTS AND MATERIALS PRODUCED IN THIS LITIGATION

The parties hereto, through their undersigned attorneys, hereby stipulate and agree to the following with regard to confidential information and documents in the above-captioned litigation (the "Litigation"):

    1.    <u>Scope of this Agreement.</u>  This Confidentiality Agreement Regarding Documents and Materials Produced in this Litigation ("Agreement") governs the use and protection of all documents and information produced or to be produced by any party or third party in connection with this Litigation, including but not limited to any answers to interrogatories; responses to requests for admissions; responses to requests for production; responses to subpoenas; oral, audio and/or visual recordings; electronically stored information;

depositions, including exhibits; other testimony, including that given at any hearings or trial in the Litigation; and any other materials disclosed through discovery in this case (cumulatively, the "Discovery Material"). The Discovery Material will be used for no other purpose than this Litigation.

2. <u>Definitions.</u>

a. The term "Confidential Information" means any type or classification of information that the producing party or third party considers to be and treats as confidential, including but not limited to trade secrets or other non-public, proprietary, and confidential technical, commercial, financial, personal, or business information, or other valuable information covered by a legitimate privacy right or interest. As examples but in no way meant as a limitation, Confidential Information may include business plans; marketing plans and strategies; financial statements and other financial information; product, insured, customer, or market research; private or confidential information of customers, insureds, employees, or agents; customer and insured lists; contracts; business relationships; sales volumes, pricing, profits, costs, or margins; and any other material that the designating party treats as confidential or is confidential under applicable law.

b. The term "Confidential Documents" means all documents or other materials that contain or reflect Confidential Information and are designated as confidential in accordance with this Agreement.

c. The term "Highly Confidential Information" means Confidential Information that the designating party believes in good faith contains trade secrets, research and development information, terms of contracts that are commercially sensitive and proprietary,

2

and other highly confidential, sensitive, and proprietary information that would cause injury to the designating party if such information were known by the receiving party.

  d. The term "Highly Confidential Documents" means all documents or other materials that contain or reflect Highly Confidential Information and are designated as highly confidential in accordance with this Agreement.

  e. The term "designating party" means the party that designates certain documents, materials, or information as confidential or highly confidential in accordance with this Agreement.

  f. The term "receiving party" means the party that receives certain documents, materials, or information that have been designated as confidential or highly confidential in accordance with this Agreement.

  3. <u>Designation of Confidential Documents.</u> Any designating party shall have the right to designate as "Confidential" any information, document, or thing that it is producing in this Litigation and that it believes in good faith constitutes, contains, embodies, discloses, or reflects Confidential Information. Documents may be designated as confidential by conspicuously stamping "CONFIDENTIAL – FOR USE ONLY IN THE MATTER OF ALLSTATE v. AUTO GLASS AMERICA, CASE NO. 6:18-cv-2184-ORL-41-LRH" on each page of each Confidential Document in a manner which will not obscure the text or affect the legibility of the document. In order to designate a computer disc or other electronically recorded materials as confidential, where the above method is not feasible, the parties will mark the disc and case containing the materials with the foregoing stamp. Deposition or other sworn testimony, including trial testimony, containing Confidential Information shall be designated as confidential either at the time of the testimony or by serving such designations within thirty

3

(30) days of the receipt of the written transcript. Until the expiration of the thirty-day period, the transcript shall be deemed a Confidential Document containing Confidential Information.

4.  <u>Limitation on Use or Disclosure of Confidential Documents and Confidential Information.</u> All Confidential Documents and Confidential Information shall be used only for the purpose of the Litigation and shall not be disclosed or disseminated to <u>anyone</u> by any person or entity except as herein provided. The disclosure of Confidential Documents and the Confidential Information contained therein may be made only to:

- a. the parties to this Litigation;
- b. external counsel of record in this Litigation and in-house counsel for the parties to this Litigation;
- c. employees of such counsel assisting with this Litigation;
- d. employees of any party assisting with this Litigation;
- e. any expert, investigator, or consultant engaged by a party to assist with this Litigation;
- f. the Court, court personnel, and court reporters; and
- g. vendors who perform litigation services including but not limited to computer database preparation, document coding, image scanning, photocopying, mock trial, jury profiling, translation, or exhibit preparation in connection with this Litigation, but only for so long as necessary to perform those services.

Persons who receive access to Confidential Documents or Confidential Information pursuant to this agreement may not refer to or allude to the existence of any Confidential Document or Confidential Information disclosed pursuant to this agreement to any other person who has not received such access pursuant to this agreement. The disclosure of Confidential Documents or Confidential Information may be made to other persons only upon order of the Court in this Litigation or upon written approval of the designating party.

4

5. <u>Designation of Confidential Documents as "Highly Confidential."</u> Any designating party shall have the right to designate as "Highly Confidential" any information, document, or thing that it is producing in this Litigation and that it believes in good faith constitutes, contains, embodies, discloses, or reflects Highly Confidential Information. Documents may be designated as Highly Confidential by conspicuously stamping "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY -- FOR USE ONLY IN THE MATTER OF ALLSTATE v. AUTO GLASS AMERICA, CASE NO. 6:18-cv-2184-ORL-41-LRH" on each page of each Highly Confidential Document in a manner which will not obscure the text or affect the legibility of the document. In order to designate a computer disc or other electronically recorded materials as Highly Confidential, where the above method is not feasible, the parties will mark the disc and any case containing the materials with the foregoing stamp. Deposition or other sworn testimony, including trial testimony, containing Highly Confidential Information shall be designated as Highly Confidential either at the time of the testimony or by serving such designations within thirty (30) days of the receipt of the written transcript. Testimony discussing or referencing previously-designated Highly Confidential Documents or Highly Confidential Information shall be deemed Highly Confidential until the expiration of the thirty-day period. Otherwise, until the expiration of the thirty-day period, a transcript of deposition or other sworn testimony shall be deemed a Confidential Document containing Confidential Information, but shall not be deemed to be Highly Confidential until it has been designated as such pursuant to this paragraph.

6. <u>Limitation on Use or Disclosure of Highly Confidential Documents.</u> In addition to the limitations on the use or disclosure of Confidential Documents, all Highly Confidential

Documents and the Confidential Information and Highly Confidential Information contained therein may be disclosed only to:

    a.    external counsel of record in this Litigation and in-house counsel for the parties to this Litigation, including employees of such counsel assisting with this Litigation and employees of Allstate working directly for in-house counsel and assisting with this litigation;

    b.    the Court, court personnel, and court reporters; and

    c.    consultants, investigators, or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this Litigation, *provided, however,* that before disclosure to any such expert is made, the identity of the expert must be disclosed in writing to the designating party. The designating party shall then have 14 days to object to the expert being shown Highly Confidential Documents. If the designating party objects, the parties agree to confer directly (in voice-to-voice dialogue) as to whether and what documents and/or information may be disclosed to the expert. If the parties cannot reach agreement, either party may bring the issue to the Court for resolution.

    7.    <u>Written Assurance Form.</u>  Before showing or divulging any Confidential or Highly Confidential Documents or Information to any expert, consultant, or investigator retained in this Litigation, counsel shall first obtain from each such person a signed "Written Assurance" in the form attached hereto as Exhibit 1. Counsel shall maintain a list of all such recipients of Confidential and Highly Confidential Documents and/or Information and the original of every "Written Assurance" required pursuant to this paragraph. At the conclusion of this Litigation, and at the request of the designating party, each and every signed "Written Assurance" and a list of all experts, consultants, or investigators who received or reviewed

Confidential and Highly Confidential Documents and/or Information shall be forwarded to counsel for the designating party.

8. <u>Use of Confidential Documents at Deposition.</u> Confidential Documents may be identified and marked at a deposition but shall not be attached to the deposition. Any such identified and marked materials shall be retained by counsel taking the deposition who shall act as custodian of the exhibits.

9. <u>Use of Highly Confidential Documents and Highly Confidential Information at Deposition.</u> Highly Confidential Information may be elicited and Highly Confidential Documents may be identified and marked only at depositions of persons who are entitled to see such information and documents per the terms of this Agreement. Any persons, other than the court reporters transcribing the depositions, who are not entitled to see such information and documents per the terms of this Agreement shall be required to leave the deposition before the Highly Confidential Information and/or Highly Confidential Documents are disclosed. The parties agree to work cooperatively to resolve any issues regarding the use of Highly Confidential Information and Highly Confidential Documents in depositions. Any Highly Confidential Documents marked as exhibits during a deposition shall not be attached to the deposition; rather, any such identified and marked materials shall be retained by counsel taking the deposition who shall act as custodian of the exhibits.

10. <u>Use of Confidential and Highly Confidential Documents and Information at Hearings and Trial.</u> Before using any Confidential or Highly Confidential Documents or Information at any hearings in this Litigation, the party who wishes to use said documents or information must provide at least fourteen (14) days' notice of same to the designating party.

The parties shall then confer directly (in voice-to-voice dialogue) in a good faith attempt to resolve any concerns regarding the use of the designated documents or information.

Before using any Confidential Documents or Information at trial in this Litigation, the party who wishes to use said documents or information must have disclosed the Confidential Documents or Information on its exhibit list in such a manner that does not itself reveal any Confidential Information and provide at least thirty (30) days' notice of same to the designating party. The parties shall then confer directly (in voice-to-voice dialogue) in a good faith attempt to resolve any concerns regarding the use of the designated Confidential Documents or Information at trial.

The party wishing to use Confidential or Highly Confidential Documents or Information in a hearing or at trial shall take all reasonable steps to maintain the confidentiality of said documents and/or information as discussed and agreed upon during the voice-to-voice dialogue. In the event the parties are unable to agree on the usage of Confidential or Highly Confidential Documents or Information in a hearing or at trial, the issue shall be raised with the Court for resolution in advance of the subject hearing or trial.

11. <u>Filing of Confidential and Highly Confidential Documents.</u> In the event that any party wishes to file Confidential or Highly Confidential Documents in the court file for this Litigation, he/it must first confer directly (in voice-to-voice dialogue) with the designating party in a good faith attempt to resolve any concerns regarding the filing of the designated documents. The parties will discuss whether Confidential or Highly Confidential Information can be redacted from the documents to be filed. If the parties cannot reach agreement, then the filing party can seek leave to file the Confidential or Highly Confidential Documents under seal or can challenge the confidentiality designation pursuant to Paragraph 12 of this Agreement. No

Confidential or Highly Confidential Document may be filed in the court file of this Litigation absent (i) agreement of the parties; (ii) entry of a Court order in this Litigation allowing the subject document to be filed under seal; or (iii) entry of a Court order in this Litigation, as described in Paragraph 12, in which there is a final determination that the document at issue is not Confidential or Highly Confidential.

12. <u>Challenging Confidentiality Designations.</u> A party objecting to designation of any documents or information as Confidential or Highly Confidential shall give written notice of same to the designating party. That notice shall provide sufficient information so that the designating party can identify the challenged document(s) or information. Objections to designations of Discovery Material as Confidential or Highly Confidential shall be made in good faith and the objecting party shall confer directly (in voice-to-voice dialogue) with the designating party. If the objecting party and the designating party cannot resolve their dispute through such good faith discussions within a reasonable time, the objecting party may, after the good faith discussions are complete, raise the issue with the Court in accordance with the Local Rules. Any Discovery Material designated as Confidential or Highly Confidential shall be subject to all of the restrictions on its use and disclosure as set forth in this Agreement until such time as the Court may determine otherwise. If the Court rules that the challenged Discovery Material is not Confidential or Highly Confidential, the designating party shall re-produce copies of such materials without the Confidential or Highly Confidential designation. A party may file objections to a magistrate's Order regarding confidentiality. If such objections are filed, the parties shall continue to treat those documents, which are the subject matter of the objection as Confidential or Highly Confidential until final determination of the issues.

13. <u>Failure to Designate.</u> The failure to designate Discovery Material as Confidential or Highly Confidential shall not be deemed a waiver in whole or in part of a party's claim of protection under this Agreement, either as to the specific Discovery Material or as to any other materials concerning the same or related subject matter. Such failure to designate may be rectified by notifying in writing counsel for all parties to whom the Discovery Material was produced, within a reasonable time after discovery of the failure to designate, advising them that the Discovery Material should have been designated "Confidential" or "Highly Confidential." The designating party will then re-produce the confidential Discovery Material as provided above, designating the documents themselves as Confidential or Highly Confidential. Upon receipt of any notice of failure to designate, the parties subject to this Agreement shall take reasonable and appropriate action to notify any and all recipients of the newly-designated Confidential or Highly Confidential Documents about the protected status of said documents, and to retrieve said documents from any person who would not be permitted by this Agreement to have such documents if they had been designated as Confidential or Highly Confidential prior to receipt.

14. <u>Non-Waiver of Objections.</u> Entry into this Agreement does not constitute and shall not be deemed a waiver in whole or in part of any objections, including but not limited to those based on relevancy or privilege, that any party may have to any discovery requests served in the Litigation.

15. <u>Request for Confidential or Highly Confidential Information or Documents.</u> If any party has obtained Confidential or Highly Confidential Documents or Information under the terms of this Agreement and receives a subpoena or other compulsory process from a third party to produce such documents and/or information, such party shall do the following within

10

seven (7) calendar days: (i) notify the designating party's attorney via telephone and in writing, including in such notice the date set for the production of the requested documents and/or information and enclosing a copy of the subpoena or other compulsory process; and (ii) deliver a copy of this Agreement to the party that caused the subpoena or other compulsory process to be issued. The designating party will then have thirty (30) days to seek protection of the Confidential or Highly Confidential Documents or Information in the proceeding in which the subpoena or other compulsory process was issued. In no event shall the receiving party produce or disclose any Confidential or Highly Confidential Documents or Information unless (i) the designating party fails to act within that thirty (30) day period; or (ii) a court order is issued requiring the disclosure.

16. <u>Consequences for Violating this Agreement.</u> In the event that any party hereto claims that any provision of this Agreement has been violated, such party may move the Court, upon proper notice as required above, for appropriate sanctions and/or other relief including, but not limited to, attorneys' fees and costs associated with pursuing such relief.

17. <u>Return of Confidential and Highly Confidential Documents.</u> Within 30 days following the conclusion of this Litigation, all Confidential and Highly Confidential Documents (and all copies of same, electronic and otherwise), whether in the possession of the parties, their employees, attorneys, experts, or consultants, shall either (i) be returned to counsel for the party that produced said documents; or (ii) be destroyed with the receiving party providing certification of such destruction to the producing party.

18. <u>Protection of Privilege and Claw Back Provisions.</u> In the event information is produced that is later determined to be protected by any privilege including but not limited to the attorney-client privilege or work product doctrine, production of such information shall not,

by itself, constitute a waiver of any available privilege or protection by the disclosing party. In the event a receiving party discovers that it has received documents that are protected by any privilege, it shall bring that fact to the attention of the producing party as soon as possible upon discovery. Upon the request of the producing party, the receiving party shall promptly return to the producing party any privileged document identified by the producing party and any copies the receiving party may have made. Upon the request of the producing party, the receiving party shall also promptly disclose the names of any individuals who have read or have had access to the privileged document. No such inadvertently produced privileged document—or any information discovered through review of such protected document—may be used for any purpose against the producing party unless: (i) the parties agree to such use; (ii) the information is publicly available; or (iii) the Court grants permission for the use of such document or information. Nothing in this agreement shall prevent any party from contending that any other party has erroneously claimed that a document is privileged. This Agreement shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

SO STIPULATED AND AGREED:

| | |
|---|---|
| PLAINTIFFS, ALLSTATE INSURANCE COMPANY, an Illinois corporation; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation; ALLSTATE INDEMNITY COMPANY, an Illinois corporation; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois corporation: <br><br> _____ <br> SALLY R. CULLEY <br> Florida Bar No. 0095060 <br> RUMBERGER, KIRK & CALDWELL | DEFENDANTS: AUTO GLASS AMERICA, LLC, a Florida limited liability company, and CHARLES ISALY, a citizen of Arizona: <br><br> _____ <br> Mac S. Phillips <br> Florida Bar No.: 195413 <br> PHILLIPS TADROS, P.A. <br> 212 SE 8th Street, Suite 103 <br> Fort Lauderdale, FL 33316 <br> Telephone: (954) 642-8885 <br> Facsimile: (954) 252-4621 <br> Date: 10/22/19 |

12

*A Professional Association*
*Lincoln Plaza, Suite 1400*
*300 South Orange Avenue*
*Post Office Box 1873*
*Orlando, Florida 32802-1873*
*Telephone: (407) 872-7300*
*Telecopier: (407) 841-2133*

Date: 10/17/19

Attorneys for Plaintiff,
ALLSTATE INSURANCE COMPANY, an Illinois corporation; ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY, an Illinois corporation; ALLSTATE INDEMNITY COMPANY, an Illinois corporation; and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois corporation

Chad A. Barr
Fla. Bar No.: 55365
*LAW OFFICE OF CHAD A. BARR, P.A.*
*986 Douglas Avenue*
*Suite 100*
*Altamonte Springs, Florida 32714*
*Telephone: (407) 599-9036*
Date: 10/22/2019

Emilio Stillo
*Fla. Bar No.: 158593*
*STILLO & RICHARDSON, P.A.*
*7320 Griffin Road, Suite 203*
*Davie, Florida 33314*
*Telephone: (954) 584-2563*
Date: 10/22/2019

Attorneys for Defendants, AUTO GLASS AMERICA, LLC, a Florida limited liability company, and CHARLES ISALY, a citizen of Arizona

JOSEPH R. DAWSON, ESQUIRE
Law Offices of Joseph R. Dawson, P.A.
110 Southeast Sixth Street; Suite 1900
Fort Lauderdale, Florida 33301
Email: Pleadings@dawsonlawfirm.com
Telephone: (954) 467-2100
Florida Bar #347450
Date: 8/26/20

13